**Gilbert L. MARCUS Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 03–7048.

United States Court of Appeals, Federal Circuit.

June 2, 2003.

Before RADER, SCHALL, and PROST, Circuit Judges.

SCHALL, Circuit Judge.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Gilbert L. Marcus' appeal for lack of jurisdiction or, in the alternative, for summary affirmance of the United States Court of Appeals for Veterans Claims' decision dismissing Marcus' appeal for lack of jurisdiction. Marcus has not responded.

Marcus filed a notice of appeal with the Court of Appeals for Veterans Claims. Finding no Board of Veterans' Appeals decision on the record, the Court of Appeals for Veterans Claims directed Marcus to show cause why his appeal should not be dismissed for failure to appeal from a final Board decision. In response, Marcus "essentially concede[d]" that he was appealing an October 24, 2001 regional office decision as opposed to a final Board decision. Because there was no final Board decision to review, the Court of Appeals for Veterans Claims dismissed Marcus' ap-

peal pursuant to 38 U.S.C. § 7266(a). Marcus appealed.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Marcus' appeal does not satisfy any of the grounds for invoking this court's jurisdiction. In his informal brief, Marcus states that the Court of Appeals for Veterans Claims' decision violated 28 U.S.C. § 1331 (setting forth federal question jurisdiction of United States district courts) and cites to the Administrative Procedure Act and the Fourteenth Amendment. Marcus fails to explain how the Court of Appeals for Veterans Claims' decision involved the validity or interpretation of either of these statutes and does not elaborate on how the Fourteenth Amendment or any other constitutional issue relates to his case.

Marcus asks this court to issue an "order to correct the VA's medical errors in the October 24, 2001 rating decision." However, because Marcus fails to make any specific claims concerning constitutional issues or the validity or interpretation of any statutes or regulations implicated by the Court of Appeals for Veterans Claims' decision, Marcus' appeal is not within this court's jurisdiction. *See* 38 U.S.C. § 7292.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) The Secretary's alternative motion for summary affirmance is moot.

(4) Each side shall bear its own costs.